UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
IRA SILVERMAN,

                               Plaintiff,                        MEMORANDUM
                                                                   AND ORDER

     -against-

                                                                          14-CV-3932 (WFK)

SITO MARKETING LLC, et al.,

                               Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

       Plaintiff Ira Silverman ("plaintiff") has moved for an entry of default against, *inter alia*, defendant Ryan Russo ("Russo"), whom plaintiff claims was personally served on May 3, 2015 at 8775 W. Berry Ave., Apt. 201, Littleton, Colorado 80123 ("West Berry Address"). After questions were raised as to the sufficiency of service of process on Russo, see generally Order re Memorandum in Support filed by Ira Silverman (Mar. 7, 2016) ("3/7/16 Order"), Electronic Case Filing ("ECF") Docket Entry ("DE") #7, this Court directed Russo to serve and file, by March 18, 2016, a sworn denial of receipt of service containing specific facts to rebut the statements in the process server's affidavits. See id. at 1-2. Copies of the Court's 3/7/16 Order were sent to Russo via Federal Express at three known addresses, including the West Berry Address, as well as to another individual, Duke Douglas Dupre.[1]

       Russo did not respond. However, Logan Chierotti ("Chierotti") -- a co-defendant who has now settled with plaintiff, and whom plaintiff also had had difficulty serving, see, e.g.,

---

[1] The copy that was sent to Russo at 668 S. Gilpin St., Denver, CO 80209-4512, was returned to the Court marked "Return to Sender." See Mail Returned (Apr. 1, 2016) at 2, DE #68. From the Federal Express tracking log, it appears that this document was successfully delivered to the correct address, but that someone later sent it back to the Court. See id. at 1.

Memorandum and Order (Oct. 23, 2015), DE #45 -- submitted a sworn declaration, through his counsel, see Declaration of Logan Chierotti (Mar. 15, 2016) ("Chierotti Decl."), DE #65. Chierotti declared that he has "known Ryan Russo for approximately ten (10) years[,]" id. ¶ 5, that the Ryan Russo he knows is the same Ryan Russo who is a defendant in this action, see id. ¶ 5, and that this defendant Ryan Russo does not meet the description in, or the photograph attached to, the process server's affidavit concerning the person served, see id. ¶¶ 8-10, 12-13; see also Declaration of Jason F. Lowe (Mar. 3, 2016), DE #60 & Exhibits 1-2 thereto, DE #60-1, #60-2. Chierotti stated further that the West Berry Address was formerly owned by his brother, Joseph Chierotti, who lost it in foreclosure, see Chierotti Decl. ¶¶ 21-22, but that Russo had not resided at that Address, see id. ¶¶ 25-26. Chierroti attached to his declaration an expired Colorado driver's license of "Ryan Stephen Russo," see Exhibit A to Chierotti Decl., DE #65 at 5, as well as a photograph of Ryan Russo from the defendant companies' promotional websites, see Exhibits B & C to Chierotti Decl., DE #65 at 6, 8. These two photographs appear to be of the same person, but neither matches the photograph or description of the person referenced in the process server's affidavit. Chierotti also noted that a different Ryan Russo living in the Denver area -- not defendant -- more closely resembles the process server's description. See Chierotti Decl. ¶ 16; Exhibit D to Chierotti Decl., DE #65 at 13-14.

Under New York law, a "process server's affidavit of service establishes a prima facie case of the account of the method of service . . . ." Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." Id. (citations and quotation marks omitted). "No

hearing is *required* where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." Id. at 58 (quotation marks omitted) (emphasis added).

Plaintiff has reiterated his request for entry of default against Russo, noting that Russo had not responded to this Court's 3/7/16 Order with a sworn denial of receipt of service containing specific facts to rebut the statements in the process server's affidavits. See Letter to Judge Mann . . . (Mar. 22, 2016) ("3/22/16 Pl. Letter"), DE #66; Request for Entry of Default (Apr. 6, 2016), DE #69. Plaintiff also called it "suspicious[]" that Chierotti was in possession of Russo's driver's license: "Russo clearly knew about this action (considering he gave Chierotti access to his driver's license) and chose not to submit a sworn denial as per this Court's Order." 3/22/16 Pl. Letter at 1 n.1. Plaintiff is correct that, because Russo never specifically rebutted the process server's affidavit, New York law does not mandate an evidentiary hearing. The Court is, nonetheless, troubled that the responses to its 3/7/16 Order have raised more questions than they resolved. The Court now has concerns about whether defendant Ryan Russo was the person served at the West Berry Address, but also questions why Russo -- who appears to be in contact with Chierotti and/or Chierotti's counsel -- has not appeared in this action. As such, the Court concludes that it is in the interests of justice to conduct an evidentiary hearing. See, e.g., Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) ("[The] right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.").

For the foregoing reasons, plaintiff's counsel, Ryan Russo, Chierotti's counsel, and Chierotti personally are ordered, on pain of sanctions, to appear at an evidentiary hearing on April 28, 2016 at 2:00 p.m. To the extent that Chierotti and/or his counsel are in communication

with Ryan Russo, they are directed to notify him of his obligation to participate in the proceeding and to promptly advise the Court, via ECF, that he has been so notified. Any individual desiring to appear via a videoconferencing arrangement must apply to the Court, by April 18, 2016, for good cause shown in compelling circumstances, for permission to participate in the hearing by contemporaneous transmission from a different location. See Fed. R. Civ. P. 43(a).

In the event that Russo appears in this action before April 18, 2016, the evidentiary hearing will be adjourned *sine die* as moot.

The Clerk is requested to docket this Order into the ECF system and to transmit copies by Federal Express to Russo at the following addresses:

Ryan Russo
2679 Hanover St.
Denver, CO 80238-3166

Ryan Russo
c/o Duke Douglas Dupre
8775 W. Berry Ave., Apt. 201
Littleton, CO 80123

Ryan Russo
668 S. Gilpin St.
Denver, CO 80209-4512


        **SO ORDERED.**

**Dated:**        **Brooklyn, New York**
                  **April 7, 2016**

                              /s/ *Roanne L. Mann*
                              **ROANNE L. MANN**
                              **CHIEF UNITED STATES MAGISTRATE JUDGE**